

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 30, 2021

**BY ECF**

The Honorable Philip M. Halpern
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    *United States v. Regina Cummings,* **20-cr-224**

Dear Judge Halpern:

    The Government respectfully submits this letter in advance of the December 7, 2021 sentencing of defendant Regina Cummings. For the reasons set forth below, the Government respectfully submits that a significant sentence of imprisonment that is below the Stipulated Guidelines Range of 30-37 months' imprisonment would be sufficient but no greater than necessary to serve the purposes of sentencing.

## I.   OFFENSE CONDUCT AND CRIMINAL HISTORY

    Defendant Regina Cummings participated in a conspiracy to distribute crack in Poughkeepsie, New York. (PSR ¶ 17). As set forth in the PSR, Cummings would frequently text her nephew, co-defendant Michael Nicholas, orders of resale quantities of crack cocaine. In total, she ordered 90 grams of crack cocaine from Nicholas. (PSR ¶ 17).

## II.   GUILTY PLEA AND APPLICABLE GUIDELINES RANGE

    The defendant was originally charged with participating in a conspiracy to distribute 28 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). On June 16, 2021, the defendant pled guilty before this Court, pursuant to a plea agreement with the Government, to that count. (PSR ¶ 5).

    Under the Sentencing Guidelines, the defendant's base offense level is 24 by virtue of the drug weight involved in the conspiracy. After a two-level reduction based upon the defendant's satisfaction of the criteria set forth in subdivisions (1) through (5) of subsection and (a) of U.S.S.G. § 5C1.2, and a three-level reduction for acceptance of responsibility, the defendant's total offense level is 19. (PSR ¶¶ 28 - 38). The defendant has zero criminal history points and is therefore in Criminal History

Category I. (PSR ¶ 46). And because the defendant has satisfied the requirements of 18 U.S.C. §§ 3553(f)(1)-(5), the otherwise applicable mandatory minimum (60 months) does not apply in this case. Accordingly, the applicable Guidelines range, to which the parties have stipulated, is 30 to 37 months' imprisonment (the "Stipulated Guidelines Range"). (PSR ¶ 88).

## III. DISCUSSION

### A. Applicable Law

The Sentencing Guidelines provide strong guidance to sentencing courts after *United States v. Booker*, 543 U.S. 220 (2005). Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall v. United States*, 552 U.S. 38, 46 (2007), district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. *Id.* at 49.

After making that calculation, the Court must consider the factors outlined in 18 U.S.C. § 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the four legitimate purposes of sentencing, as set forth below; (3) "the kinds of sentences available"; (4) the Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants"; and (7) "the need to provide restitution to any victims," 18 U.S.C. § 3553(a)(1)-(7). *See Gall*, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the Court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

Although the Court may not presume the reasonableness of a within-Guidelines sentence, the Second Circuit has recognized that "[i]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States*

*v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006); *see also Kimbrough v. United States*, 552 U.S. 85, 108-09 (2007) ("We have accordingly recognized that, in the ordinary case, the Commission's recommendation of a sentencing range will reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." (quotations omitted)).

### B. The Court Should Impose a Sentence of Imprisonment That Is Below the Stipulated Guidelines Range

In this case, the nature and circumstances of the offense, and the need to promote respect for the law, to provide just punishment, and to deter future criminal conduct all weigh in favor of a sentence of imprisonment. In light of the Department of Justice's new policy regarding the crack-to-powder cocaine disparity reflected in the United States Sentencing Guidelines, however, the Government believes that a period of imprisonment shorter than the 30 to 37 months called for by the Guidelines would be sufficient but no greater than necessary to accomplish the purposes of sentencing.

A substantial sentence of imprisonment is appropriate to reflect the seriousness of the defendant's criminal conduct, to provide just punishment for the offense, and to promote respect for the law. The defendant contributed to the drug crisis facing our country. The drug trade has real and lasting impact on our communities. This Court is well-familiar with the dangers posed by narcotics and the degradation that these poisons cause to the people, neighborhoods, and streets of this city. Assisting in the organized sale of dangerous drugs reflects a lack of understanding or appreciation for the harm to others and to society more broadly that the conduct creates.

A sentence of imprisonment is also necessary to afford adequate deterrence of criminal conduct, both for the defendant specifically and for society in general. The defendant and others who engage in the trafficking of dangerous substances must understand that their actions have real a negative impact on our communities, and those who perpetuate the drug problem in this country will be punished appropriately. Narcotics trafficking conspiracies depend on individuals like the defendant and a significant sentence of imprisonment will send a strong message that such conduct has consequences and will ensure the defendant knows she cannot return to criminal conduct in the future and must instead live within the bounds of the law.

The Government acknowledges that the defendant has had difficulties in her life. The Government also acknowledges that the defendant has made efforts to live a law-abiding life, including while on Pretrial Release in this case. Each of these factors is of course a significant consideration in determining an appropriate sentence.

On June 22, 2021, the Department of Justice provided public testimony in support of the EQUAL Act, S.79. This proposed legislation would eliminate the powder-to-cocaine base sentencing disparity in 21 U.S.C. §§ 841 and 960. Although the Department supports elimination of the powder-to-cocaine base disparity, until legislation to that effect is passed, the current statutory and Guidelines provisions remain in effect. In this case, the amount of cocaine base attributable to the defendant's criminal conduct is between 28 grams and 112 grams, which results in a current base offense level of 24 before reductions as set forth above. The Stipulated Guidelines Range under current law is 30 to 37 months' imprisonment. Based on the investigation, the Government understands the precise quantity of cocaine base attributable to the defendant's criminal conduct is approximately 90 grams. If the powder cocaine Guidelines were instead applied to the same amount of cocaine base, the base offense level would be 14; the total offense level would be 10 after applicable reductions; and the Guidelines sentencing range would be 6 to 12 months' imprisonment. The Court can and should, consistent with the law and current sentencing framework, consider the powder-to-cocaine base disparity in assessing the Section 3553(a) factors. *See Kimbrough v. United States*, 552 U.S. 85, 106-08 (2007); *United States v. Cavera*, 550 F.3d 180, 191-92 (2d Cir. 2008) (en banc). Based on consideration of the powder-to-cocaine base disparity and all the relevant factors under Section 3553(a) as set forth above, the Government believes a sentence below the current Guidelines sentencing range of 30 to 37 months' imprisonment is appropriate in this case.

## IV. CONCLUSION

For the reasons set forth above, the Court should impose a sentence of imprisonment that is below the Stipulated Guidelines Range of 30 to 37 months' imprisonment.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _s/_____
Shiva H. Logarajah
Assistant United States Attorney
(914) 993-1918

cc: Michael Burke, Esq. (by ECF)